VILLAGE OF RIVER ROUGE *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—PROPRIETY—COMPELLING DISSOLUTION OF INJUNCTION—FORMAL OBJECTION TO BILL.

Mandamus will not issue to compel the dissolution of an injunction on the ground that the bill is multifarious, this being a mere formal objection.

2. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—INJUNCTION—TAXPAYERS' SUIT.

Taxpayers of a municipality have a right to bring suit to enjoin the construction of public improvements and rescind the sale of bonds issued therefor without acting through the attorney general.

3. SAME—NECESSARY PARTIES.

Where taxpayers file a bill against the municipality and its contractor to enjoin the construction of certain public improvements and rescind an issue of bonds therefor, the fact that the contractor is outside the State and has not been

served with process does not deprive the court of jurisdiction to issue the injunction nor require its dissolution.

Mandamus by the village of River Rouge to compel George S. Hosmer, circuit judge of Wayne county, to grant a motion to dissolve a temporary injunction. Submitted January 15, 1907. (Calendar No. 22,083.) Writ denied February 12, 1907.

*Seneca C. Traver* (*Bowen, Douglas, Whiting & Murfin* and *Otto Kirchner*, of counsel), for relator.

*Russel, Campbell & Bulkley*, for respondent.

Per Curiam. Relator was authorized by an act of the legislature to construct a sewer and to issue bonds to the amount of $150,000 for that purpose. Act No. 644, Local Acts 1905. It took proceedings, made a contract with one Bramley, and issued bonds. Certain taxpayers filed a bill in equity against relator and said Bramley to enjoin the construction of said sewer and to rescind the sale of the bonds. Respondent issued the preliminary injunction prayed for. Bramley was outside the State and did not appear. Relator answered and moved for the dissolution of the injunction. Respondent denied this motion. Relator now applies for a writ of mandamus to compel respondent to grant said motion upon four grounds, each of which will be stated and disposed of:

" 1. The bill was multifarious."

This we answer by saying that this is a mere formal objection which does not entitle relator to a mandamus.

" 2. The bill should have been filed on the relation of the attorney general * * * to redress an alleged public wrong, at the behest of private individuals."

We think the grievance one of which taxpayers had a right to complain. We also state in this connection, in answer to another objection urged by relator, that we cannot say from this record that complainants have not such an interest as to justify their bringing this suit.

"3. The bill itself did not state any case which would authorize the issuance of an injunction."

This raises the question of the legality of the contract made by relator with Bramley. Complainants contend and apparently respondent decided that it was illegal. We should not overrule that decision unless relator has convinced us that it is legal. This it has failed to do. We do not, however, go so far as to decide that the arrangement is illegal. We think it would be proper to defer deciding that question until defendant Bramley has a further opportunity of being heard. It may happen, too, that circumstances not shown by this record, and considerations not now apprehended, may put the question in a different light. It is sufficient to repeat, as stated above, that we cannot now decide that the arrangement made was legal.

"4. Giving the bill its most favorable construction, the nonresident defendant, Matthew F. Bramley, was a necessary party to any proceeding of this description, and, not being in the jurisdiction of the court and not served with process, the court has no jurisdiction to proceed."

For the purpose of this contention it should be assumed that complainants have a right to an injunction to prevent a wrong threatened by relator and Bramley. They obtained that injunction and made due service thereof upon relator, but they can neither serve that nor other process upon Bramley owing to his absence from the State. Does the latter circumstance, viz., the fact that process has not been served upon Bramley, make it the duty of the court to dissolve the preliminary injunction, which is effective? It seems to us clear that this question must be answered in the negative. It is by no means clear that Bramley is an indispensable party, and if he is, we cannot say he may not be served or voluntarily appear. It cannot be said that Bramley's absence from the State either deprives the respondent of jurisdiction to issue the injunction or compels him now to dissolve it.

We decline to interfere with the decision of the circuit

judge under the circumstances of the case. If there is necessity for haste to get ready for work during the warm season, the respondent should grant a speedy hearing, unless, in his judgment, a delay is necessary in order to secure the appearance of Bramley.

Mandamus denied.